UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.08-80407-Civ-Hurley/Hopkins

LAWRENCE A. SYKES.,

       Plaintiff,

vs.

M/V OSPREY, Official Number 908367,
her engines, tackle, etc., *in rem*, and
OSPREY 55 LLC, Mortgagor,

       Defendants.

_____/

## REPORT AND RECOMMENDATION AS TO PLAINTIFF'S MOTION FOR ENTRY OF COST JUDGMENT (DE 103)

**THIS CAUSE** is before the Court upon an Order Referring to the undersigned Plaintiff's

Motion for Entry of Cost Judgment for a Report and Recommendation.  (DEs 103, 106).  With

no response having been filed within the time permitted by the Local Rules, the motion is now

ripe for review.  For the reasons that follow, this Court **RECOMMENDS** that the District Court

**GRANT** Plaintiff's Motion.  (DE 103).

## BACKGROUND

On April 18, 2008, Plaintiff filed a Verified Complaint to Foreclose a Preferred Ship's

Mortgage of Vessel, wherein he contended that Defendants were indebted to Plaintiff under the

terms of a promissory note secured by the First Ship's Mortgage on the vessel, a 55' 1982

Hatteras Convertible, the M/V Osprey ("vessel").  (DE 1, pgs. 1-2).  Defendants are the vessel,

and the mortgagor, an entity known as Osprey 55 LLC ("Osprey 55").  On or about May 9, 2008,

the vessel was seized and taken into custody by the United States Marshal.  (DE 14; DE 19, pg.

2).  Although Plaintiff contested the seizure, the District Court upheld the seizure, and, in

December of 2008, granted Plaintiff's Motion for Interlocutory Sale of the vessel.  (DEs 46, 67,

73).  The District Court entered Final Judgment in favor of Plaintiff in April of 2009, and the

instant Motion for costs followed.  (DEs 101, 102, 103).  Defendants have not responded to the

Motion.

## DISCUSSION

Plaintiff seeks a total award of forty-one thousand, nine hundred dollars and ninety-two

cents ($41,900.92) in costs.  (DE 103, exh. B).  Under the Federal Rules, prevailing parties are

entitled to recover costs as a matter of course unless otherwise directed by the court or statute.

*See* Fed. R. Civ. P. 54(d)(1) (2009).  However, courts may only tax costs as authorized by statute.

*See EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000), *reh'g and reh'g en banc denied*,

233 F.3d 580 (11th Cir. 2000) (*citing Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437,

445 (1987)).

"Section 1920 enumerates expenses that a federal court may tax as a cost under the

discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482

U.S. 437, 441-442 (1987).  This section provides in part,

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for
> use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials
> where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and
> salaries, fees, expenses, and costs of special interpretation services under section
> 1828 of this title.

2

****

28 U.S.C. § 1920 (2009).

Where a party challenges the costs requested, the burden lies with the challenging party. *See EEOC v. W & O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000) (finding that challenging party did not demonstrate that any portion of the depositions were not "related to an issue which was present in the case at the time the deposition was taken.") *See also Ferguson v. Bombardier Srvcs. Corp.*, No. 8:03-cv-539-T-31DAB, 2007 WL 601921, *3 (M.D. Fla. Feb. 21, 2007) (*consolidated case*) (observing that the burden lies with the losing party, unless knowledge of the requested cost is within the exclusive knowledge of the requesting party) (*citing Desisto College, Inc. v. Howey-in-the-Hills*, 718 F. Supp. 906, 910 n. 1 (M.D. Fla. 1989), *aff'd sub nom. Desisto College, Inc. v. Line*, 914 F.2d 267 (11th Cir. 1990), *not followed on other grounds by EEOC v. W&O, Inc.*, 213 F.3d 600 (11th Cir. 2000)).

**Fees of the Clerk**

Plaintiff seeks three hundred and fifty dollars ($350.00) in costs for the filing fee. (DE 103, exh B, pgs. 4-5). Fees paid to the Clerk of Court may be taxed. *See* 28 U.S.C. § 1920(1) (2009); *EEOC*, 213 F.3d at 623 (*citing* 28 U.S.C § 1920(1)). In light of Defendants' failure to respond to Plaintiff's Motion, this Court **RECOMMENDS** that the District Court award the three hundred fifty dollars ($350.00) requested. (DE 103). *See EEOC*, 213 F.3d at 621 (finding that the district court did not abuse its discretion by awarding costs where the request was unchallenged).

**Fees for Service of Summons and Subpoena**

Plaintiff next seeks costs in the amount of two thousand thirty dollars ($2,030.00) for

service of process.  (DE 103, exh. B).  Plaintiff's invoices show that he paid thirty dollars

($30.00) to Professional Process Servers for service on the registered corporate agent for Osprey

55, LLC, and two thousand dollars to the United States Marshal in connection with the arrest of

the vessel.  (DE 103, exh. B, pgs. 6-10).

Such costs are permitted by statute.  *See EEOC*, 213 F.3d at 624; 28 U.S.C.§

1921(a)(1)(A) (2009) (providing that the court may tax as costs fees of the marshal for "[s]erving

a writ of possession, partition, execution, attachment in rem, or libel in admiralty, warrant,

attachment, summons, complaints, or any other writ, order or process in any case or

proceeding."); 28 U.S.C. § 1921(a)(1)(B), (G), (H) (2009) (providing that the court may tax as

costs fees of the marshal for serving subpoenas for witnesses, and that the court may tax as costs

necessary travel, including mileage, and overtime expenses incurred by deputy marshals in the

course of serving civil process).  *See also American Ship Mortgage Holdings, Inc. v. Steamship*

*Caribe Enter.*, 588 S. Supp. 14, 15 (E.D.N.Y. 1984) (affirming award of $31,000.00 in fees

pursuant to section 1921 in connection with Marshal's arrest and sale of vessel because such fees

were not excessive).  In light of Defendants' failure to object to Plaintiff's Motion, this Court

**RECOMMENDS** that the District Court award Plaintiff the amount sought, two thousand thirty

dollars ($2,030.00).  (DE 103).  *See EEOC*, 213 F.3d at 621.

**Fees of the Court Reporter**

Plaintiff also seeks an award of eight hundred seventy-six dollars ($876.00) for court

reporter fees paid for the transcript of the evidentiary hearing held in June of 2008 on

Defendants' Motion to Vacate Wrongful Arrest.  (DE 103, exh. B, pgs. 13-15).   Although

Plaintiff contends that such transcript was necessarily obtained for use in the case, he does not

explain the purpose of the transcript.  (DE 103, pg. 2).

Courts have permitted awards of costs for transcripts of pre-trial hearings where such transcripts were necessarily obtained for use in the case.  *See Bd. Of Dirs., Water's Edge v. Anden Group*, 135 F.R.D. 129, 136-137 (E.D. Va. 1991) (awarding costs for transcripts of several pre-trial hearings because such transcripts were necessary in that they contained arguable stipulations of liability, and such stipulations were not contained in court's written orders); *Kaimowitz v. Howard*, 547 F. Supp. 1345, 1352-1353 (E.D. Mich. 1982) (permitting award of costs for transcript of hearing on motion for summary judgment where such transcripts were necessarily obtained for use in the case because the plaintiff contested the entry of summary judgment).  However, courts have declined to award costs for hearing transcripts where the transcripts were obtained for mere convenience.  *See Pion v. Liberty Dairy Co,*, 922 F. Supp 48, 54 (W.D. Mich. 1996) (finding that prevailing party was not entitled to costs of transcript of summary judgment hearing because the transcript was not necessarily obtained for use in any proceedings, and was purchased for mere convenience of counsel).

A review of the docket shows that in a trial brief submitted to the District Court, Plaintiff referred to the testimony of Defendant Sykes from the evidentiary hearing.  (DE 97, pg. 11).  As such, it appears that the transcript was necessarily obtained for use in the case.  In addition, because Plaintiff's invoices show that Plaintiff was charged the amount sought on nothing more than a mere copy of the transcript, as opposed to non-compensable specialty items such as ASCII files or mini-scripts, (DE 103, exh. B, pgs. 13-15), this Court **RECOMMENDS** that the District Court award Plaintiff the full amount requested, eight hundred seventy-six dollars ($876.00).  (DE 103).  *See Bd. of Dirs., Water's Edge,* 135 F.R.D. at 136-137; *Kaimowitz*, 547 F. Supp. at

1352-1353.  *See also EEOC*, 213 F.3d at 621.

**Other Costs**

Finally, Plaintiff seeks an award of costs for fees paid in connection with advertisements and custodia legis of the vessel.  (DE 103, exh. B, pgs. 11-12, 16-17).  Plaintiff's invoices show that Plaintiff paid the Daily Business Review a total of one hundred sixty-six dollars and one cent ($166.01) for two publications of a "Notice of Action In Rem and Arrest  of Vessel" for the instant action.  (DE 103, exh. B, pgs. 11-12).  Plaintiff also paid a total of thirty-eight thousand, four hundred seventy-eight dollars and ninety-one cents ($38,478.91) to National Maritime Services, Inc. for maintaining the vessel from May 9, 2008, through the end of March, 2009. (DE 103, exh. B, pgs. 17-18).  The advertisement and custodia legis fees total thirty-eight thousand, six hundred forty-four dollars and ninety-two cents ($38,644.92).  Plaintiff has cited no authority in support of such request.  (DE 103).

With regard to Plaintiff's request for custodial fees, section 1920 does not list such costs as taxable.  *See* 28 U.S.C.§ 1920 (2009).  However, section 1921 provides in relevant part that

> (a)(1) the United States marshals or deputy marshals shall routinely collect, *and a court may tax as costs, fees for the following*:
> ****
>
> (E) The keeping of attached property (including boats, vessels, or other property attached or libeled), actual expenses incurred, such as storage, moving, boat hire, or other special transportation, watchmen's or keepers' fees, insurance, and an hourly rate, including overtime, for each deputy marshal required for special services, such as guarding, inventorying, and moving.
> ****

28 U.S.C.§ 1921(a)(1)(E) (2009) (*emphasis added*).

Although some courts have held that private litigants are not entitled to recover the

custodial or storage costs under the above quoted section, the Fifth Circuit has held otherwise.

*See Marastro Compania Naviera, S.A. v. Canadian Maritime Carriers, Ltd.*, 959 F.2d 49 (5th Cir.

(1992), *reh'g and reh'g en banc denied*, 963 F.2d 754 (5th Cir. 1992) (permitting time charterer

to recover costs incurred for storage of seized property from the plaintiff/seizing creditor because

the storage duties were delegated by marshal to the time charterer); *Scotiabank de Puerto Rico v.*

*M/V Atuti*, 326 F. Supp 2d 282, 284-285 (D.P.R. 2004) (noting that a substitute custodian is

entitled to custodian and dockage fees because such fees are routinely collected by the marshal

under section 1921) (*citing Schultz v. M/V Elinor*, 819 F. Supp. 1068, 1069 (S.D. Fla. 1993)).

*But see Midatlantic Nat'l Bank v. Sheldon*, 751 F. Supp 26 n.1 (E.D.N.Y. 1990) (noting that

section "1921 solely authorizes the marshal to obtain fees from the litigants for the costs of its

services in seizing and keeping property and provides no basis for authorizing payments to the

litigants themselves.")  In light of *Marastro*, this Court **RECOMMENDS** that the District Court

award Plaintiff the custodial costs incurred, thirty-eight thousand, four hundred seventy-eight

dollars and ninety-one cents ($38,478.91).

　　　　Next, with regard to Plaintiff's request for the costs of advertisement, section 1920 again

provides no support for such request.  *See* 28 U.S.C.§ 1920.  However, section 1921 provides in

relevant part that

> (a)(1)  The United States marshals or deputy marshals shall routinely collect, *and*
> *a court may tax as costs, fees for the following*:
> 　　　　　　　　　　　　****
> (D) The preparation of any notice of sale, proclamation in admiralty, or
> other public notice or bill of sale.
> 　　　　　　　　　　****

28 U.S.C.§ 1921(a)(1)(D) (2009) (*emphasis added*).

This Court has been unable to find cases discussing awards of costs for advertising under section 1921(a)(1)(D), and Plaintiff has failed to provide the Court with any authority in support of its request.  (DE 103).  Nevertheless, because section 1921 states that the court may tax as costs fees in connection with the preparation of a notice of sale, this Court **RECOMMENDS** that the District Court **GRANT** Plaintiff's request for such costs in the amount of one hundred sixty-six dollars and one cent ($166.01).  (DE 103).

## RECOMMENDATION TO THE DISTRICT COURT

In conclusion, this Court **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion for Entry of Cost Judgment, (DE 103) and award Plaintiff costs as follows:

1.) Fees of the Clerk: $350.00

2.) Fees for Service of Summons and Subpoena: $2,030.00.

3.) Fees of the Court Reporter: $876.00

4.) Other Costs: $38,644.92

Total Recommended Award of Costs: $41,900.92

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida, within ten (10) days of being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983).  Failure to timely file objections shall bar

the parties from attacking on appeal the factual findings contained herein.  *See LoConte v.*

*Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark*

*Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

      **DONE AND SUBMITTED** in Chambers this 30 day of September, 2009, at West Palm

Beach in the Southern District of Florida.

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE


Copies to:
The Hon. Daniel T. K. Hurley, Senior United States District Court Judge for the Southern
District of Florida
Counsel of Record